PEREIRA, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record the Correction of a Defect.

No. 450.—Decided January 30, 1920.

RECORD OF TITLE—POSSESSORY TITLE PROCEEDING—AFFIDAVIT—TAXES—NOTICE—FORMER OWNER.—In order to cure the defect assigned by the registrar of failure to notify the former owner of the property or his heirs of the possessory title proceeding in a case in which it appeared that the former owner had paid the taxes, the petitioner presented in the registry an affidavit signed by the former owner admitting the sale and previous knowledge of the proceeding. The decision refusing to record the correction of the said defect having been appealed from, it was *Held:* That the procedure followed by the appellant was not appropriate, for an affidavit is principally for the purposes of the courts and can only be used for other purposes when expressly permitted by law.

The facts are stated in the opinion.

*Mr. Rafael Arce* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Juan Pereira Vélez, the husband of Carmen Muñoz Villafañe, instituted possessory title proceedings in the Municipal Court of Caguas to establish the possession of a rural property of 16 acres of land in the ward of Beatriz of the said municipality. The property had been acquired by the spouses in the year 1917 by purchase from Blas Rivera Rosado and María Jurado.

Accompanying the petition was a certificate of the Treasurer of Porto Rico dated August 15, 1919, to the effect that in the tax-roll of the municipality of Caguas for the fiscal

year 1919–20 Blas Rivera Rosado appeared as paying taxes on a property of 16 acres of land valued at $290 and a hut valued at $20 in the ward of Beatriz of the said municipality.

After a proper hearing the Municipal Court of Caguas entered judgment on October 2, 1919, ordering the record in the registry of the right to the possession of the property in question in the name of Juan Pereira Vélez, without prejudice to third persons having better rights, and the registrar refused to admit it to record by his decision of October 8, 1919, which reads as follows:

"Record of the foregoing document is denied and a cautionary notice is entered for 120 days in favor of Juan Pereira Vélez for the following reason: The certificate of the Treasurer of Porto Rico of August 15, 1919, shows that Blas Rivera Rosado pays the taxes as owner of the property therein described and not petitioner Juan Pereira Vélez, and the latter did not comply with paragraph 2 of subdivision 4 of article 391 of the Mortgage Law by notifying the former owner or his heirs of the proceedings so that they might state whether they had any objection to the record."

The possessory title was again presented in the registry for the conversion of the cautionary notice entered in the registry into a final record, accompanied by an affidavit wherein Blas Rivera Rosado averred before the Justice of the Peace of Aguas Buenas that he sold to Juan Pereira Vélez the said parcel of land which appeared assessed in his name in the tax roll for the fiscal year 1919–20; that the proceedings had been instituted by Juan Pereira Vélez with the affiant's consent, they having come to an understanding for the purpose of having the property recorded, and that instead of objecting to the institution of the proceedings, he agreed that it should be recorded in the registry of property.

The registrar denied the conversion asked for by his decision of November 11, 1919, as follows:

"The conversion into a final entry of the cautionary notice to which the previous decision refers is hereby denied because the defeet pointed out therein has not been cured, inasmuch as affidavit

No. 460 signed in Aguas Buenas by Blas Rivera Rosado on November 8 before the justice of the peace of that place is insufficient for the following reasons: Articles 391 and 392 of the Mortgage Law determine the procedure to which the possessory title proceedings referred to in article 390 of the said law must conform and the interested person or his attorney can not resort to proceedings alien to the said law, as was done here, by exhibiting an affidavit of the person from whom the property was acquired when the municipal court should have ordered that said person be summoned and after hearing whether said person had any objection to the record, should have ordered the record after the defect which gave rise to the refusal had been cured; and also because the presentation of an affidavit is not the proper way to cure a defect existing in a public document, as has been repeatedly held by the Supreme Court of Porto Rico.''

The foregoing decision has been appealed from to this court and we will confine ourselves to considering it in passing upon the appeal, for the rule has been established in repeated decisions of this court that when a document is presented in the registry of property for record and admission thereof is denied and the interested party fails to appeal within the legal period his acquiescence is taken for granted, but if the party again presents the document accompanied by other documents which, in his judgment, correct the defects assigned by the registrar and the registrar again refuses to admit it to record, the interested party may appeal to this court, the appeal being limited to a determination of whether or not the defects assigned in the first decision had been properly cured. *Behn* v. *Registrar of Property,* 21 P. R. R. 486.

We are of the opinion that the defect pointed out by the registrar in his decision of October 8, 1919, was not duly corrected, for the procedure followed by the appellant to supply the lack of a tax certificate is not proper. This court has held that an affidavit is principally for the purposes of the courts and can only be used for other purposes when expressly allowed by law. *Successors of Andreu & Co.* v.

*Registrar of Property,* 20 P. R. R. 396; *Delgado* v. *Registrar of Caguas,* 22 P. R. R. 117.

There is no statute permitting the use of an affidavit in a possessory title proceeding to correct the failure to comply with subdivision 4 of article 391 of the Mortgage Law.

For the foregoing reasons the decision must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.